Filed 1/23/25  In re Mahogany T. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re MAHOGANY T., a Person Coming Under the Juvenile Court Law. | B337600<br><br>(Los Angeles County Super. Ct. No. 23CCJP00172B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>    v.<br><br>BRIANNA T.,<br><br>    Defendant and Appellant. | |

APPEAL from order of the Superior Court of Los Angeles County, Tara Newman, Judge.  Affirmed as modified.

Lori Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Peter Fererra, Principal Deputy County Counsel, for Plaintiff and Respondent.

———————————————————

## INTRODUCTION

Brianna T., mother of two-year-old Mahogany T., appeals from the juvenile court's order under Welfare and Institutions Code section 362.4 terminating jurisdiction, awarding sole legal and physical custody of Mahogany to Mahogany's father Ray T., and denying Brianna visitation with Mahogany.[1]  Brianna does not challenge the court's order regarding custody, but argues the juvenile court abused its discretion in denying her visitation because substantial evidence did not support the court's finding she posed a danger to Mahogany.  Brianna also argues the juvenile court's order impermissibly constrains the family court's jurisdiction to modify the custody order in the future.  We agree with the last argument, modify the custody and visitation order to delete the improper language, and affirm the order as modified.

---

[1]      Undesignated statutory references are to the Welfare and Institutions Code.

2

# FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Juvenile Court Declares Mahogany a Dependent Child of the Court*

When Brianna gave birth to Mahogany, mother and daughter tested positive for amphetamine and marijuana. Brianna left the hospital with Mahogany, and social workers from the Los Angeles County Department of Children and Family Services were unable to find her and Mahogany for 13 days.

The juvenile court sustained allegations in a petition by the Department under section 300, subdivision (b)(1), that Brianna's substance abuse caused Mahogany to suffer a detrimental condition at birth, that Brianna's substance abuse rendered her unable to provide regular care for Mahogany, that Brianna failed to protect Mahogany from domestic violence between Brianna and a male companion, and that Ray failed to protect Mahogany from Brianna's substance abuse. The court declared Mahogany a dependent child of the juvenile court, removed Mahogany from Brianna, released Mahogany to Ray, and placed Mahogany under the care and supervision of the Department. The court allowed Brianna to have monitored in-person visitation and unmonitored phone and virtual visitation with Mahogany. Brianna's case plan required her to participate in a drug and alcohol program with weekly random and on-demand drug testing; participate in a domestic violence support group for victims; take a developmentally appropriate parenting course approved by the Department; receive mental health and individual counseling to address case issues; and obtain a psychiatric evaluation, if deemed appropriate by a therapist.

B.    *The Court Rescinds Brianna's Visitation with Mahogany*

The Department filed a petition seeking to rescind Brianna's visitation with Mahogany. Brianna had been displaying increasingly aggressive and erratic behavior toward Department social workers and toward Ray, which caused the Department to become concerned for the safety of Mahogany and her 16-month-old sister Zuri (not involved in this appeal).

The juvenile court granted the Department's request to rescind Brianna's visitation with Mahogany. The court found visitation would be detrimental to Mahogany because Brianna harassed and made threats toward Department personnel, stated she was carrying a firearm at all times, and said she intended to leave the country. The court was also concerned that, in light of her erratic behavior and refusal to submit to drug testing, Brianna might be using drugs.

After the court granted the Department's petition, Brianna called the case social worker, verbally attacked her, and threatened to physically harm her. The court subsequently issued a one-year restraining order protecting the social worker from Brianna.

C.    *The Court Terminates Jurisdiction and Issues a Custody and Visitation Order*

At the 12-month review hearing under section 366.21, subdivision (f), the court found the conditions justifying dependency jurisdiction under section 300 no longer existed and were unlikely to recur in the absence of the Department's supervision. (§ 364, subd. (c).) The court terminated its jurisdiction, awarded Ray sole legal and physical custody of

4

Mahogany, and ordered Brianna could not have any visitation with Mahogany. The court stated it was ordering no visitation because Brianna had not completed any of her case plan and because visitation with Brianna would be detrimental to Mahogany. Brianna appealed.

## DISCUSSION

### A.  *Applicable Law and Standard of Review*

"When terminating its jurisdiction over a child who has been declared a dependent child of the court, section 362.4 authorizes the juvenile court to issue a custody and visitation order (commonly referred to as an 'exit order') that will become part of the relevant family law file and remain in effect in the family law action 'until modified or terminated by a subsequent order.'" (*In re T.S.* (2020) 52 Cal.App.5th 503, 513; see § 362.4, subd. (a); *In re Chantal S.* (1996) 13 Cal.4th 196, 203; *In re Anna T.* (2020) 55 Cal.App.5th 870, 871.) The juvenile court's custody and visitation order "may not be modified by the family court 'unless the court finds that there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child.'" (*Anna T.*, at pp. 871-872; see § 302, subd. (d); Cal. Rules of Court, rule 5.700(a).) In making such an order, the juvenile court must consider "the totality of the circumstances and the children's best interest in determining whether jurisdiction should be terminated and in fashioning appropriate exit orders." (*T.S.*, at p. 514; see *In re J.M.* (2023) 89 Cal.App.5th 95, 112 [in making a custody and visitation order "'the juvenile court must look at the best interests of the child'"].)

5

"'[T]he juvenile court has broad discretion to make custody [and visitation] orders when it terminates jurisdiction in a dependency case.'" (*In re J.M.*, *supra,* 89 Cal.App.5th at p. 112; see *In re N.M.* (2023) 88 Cal.App.5th 1090, 1094.) We review the juvenile court's custody and visitation order for an abuse of that discretion. (See *J.M.*, at p. 113; *In re C.W.* (2019) 33 Cal.App.5th 835, 863.)

B. *The Court Did Not Abuse Its Discretion in Denying Brianna Visitation with Mahogany*

Brianna argues the juvenile court abused its discretion in denying her visitation with Mahogany. Specifically, Brianna asserts "there was no evidence [she] presented a safety risk to Mahogany during visitation, and the court failed to consider whether granting or denying Mahogany visitation with [Brianna] would be in Mahogany's best interests."

The juvenile court did not abuse its discretion. Substantial evidence supported the court's finding Brianna was volatile, aggressive, armed, and presented a flight and kidnapping risk. For example, on one occasion Zuri would not cooperate with transportation to a visit with Brianna, and the social worker had to cancel the visit. Brianna became irate and repeatedly called the social worker and her supervisor, berated them and called them racist and derogatory names (including "stupid fucking bitch" and "lazy fucking Mexican"). On another occasion Brianna contacted Ray and asked to visit Mahogany without the Department's supervision. Ray "reported he was concerned for his safety but more so for" the children's. Brianna also asked Zuri's father to agree to unmonitored visitation between Brianna and Zuri.

6

The Department's reports are filled with similar concerns. During a monitored visit Brianna stated she and her boyfriend planned to move out of state because "father's ex-wife was looking to kill them." Brianna also said that she "stay[ed] strapped" and that "she had a license to carry 'at all times,'" which the social worker understood meant Brianna "always [had] a gun on her." When Brianna learned her father and Ray "were working with police to have [her] and her boyfriend arrested at the [Department's] office," she became irate, started cursing, and repeatedly stated she would go to her father's place of work to "'fuck his ass up.'" The monitor terminated the visit early, and Brianna left in a car with her boyfriend and a large pit bull in the back seat.

Department social workers consistently reported Brianna was volatile and unstable. On one occasion Brianna became angry, and she and her boyfriend made "statements that were completely unhinged." Brianna expressed suicidal thoughts and said she would be leaving the country that day. On another occasion, after the court granted the Department's petition to rescind visitation, Brianna called the case social worker and verbally attacked her, calling her names and using racial slurs. Brianna threatened the social worker, stating, "'Don't come into work because I know what car you drive . . . I'm going to fuck you up, bitch . . . watch your back.'"

Ray also expressed concern for Mahogany's safety, stating that he was certain Brianna and her boyfriend were armed and that Brianna made comments about "'running away with them (the children) and never being found.'" Ray's concern was not unfounded: Brianna had absconded with Mahogany for two weeks at the outset of the proceedings. Because Brianna's

7

behavior was so aggressive and erratic and she never complied with the drug testing requirement of her case plan, the court also expressed concern she was using drugs. The juvenile court reasonably concluded visitation with Brianna was not in Mahogany's best interest. (See *In re J.M., supra*, 89 Cal.App.5th at p. 112 ["'the juvenile court, which has been intimately involved in the protection of the child, is best situated to make custody determinations based on the best interests of the child without any preferences or presumptions'"]; *In re T.S., supra*, 52 Cal.App.5th at p. 513 ["When making a custody determination under section 362.4, 'the court's focus and primary consideration must always be the best interests of the child.'"].)

Brianna argues the court abused its discretion in denying her visitation with Mahogany because the Department said Brianna was "observed to know and provide proper basic needs to the children" and did "well caring for the children" during monitored visits. But that some evidence reflected positively on Brianna does not justify reversing the custody and visitation order. (See *In re N.M., supra,* 88 Cal.App.5th at p. 1094 [on review of a custody and visitation order, "'"[w]hen two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court"'"].) Though the evidence may have supported a different custody and visitation order, the juvenile court did not abuse its discretion in making the order it made. (See *In re Caden C.* (2021) 11 Cal.5th 614, 640 [juvenile court's "determinations should 'be upheld if . . . supported by substantial evidence, even though substantial evidence to the contrary also exists and the trial court might have reached a different result had it believed other evidence'"]; *In re Matthew M.* (2023)

88 Cal.App.5th 1186, 1195 ["We do not inquire whether substantial evidence would have supported a different order"; "[w]e ask only whether the juvenile court abused its discretion with respect to the order it made."].)

C.    *The Juvenile Court Erred in Restricting the Family Court's Discretion To Modify the Custody Order*

Brianna argues the juvenile court erred by imposing a restriction on the family court's ability to modify the custody and visitation order.  Brianna is correct.

The juvenile court, in a custody and visitation order, may order a parent to participate in counseling or other programs. (See *In re Chantal S.*, *supra*, 13 Cal.4th at p. 203 [section 362, subdivision (d), authorizes the juvenile court to make collateral orders that are reasonably related to custody and visitation orders]; *In re Cole Y.* (2015) 233 Cal.App.4th 1444, 1455-1456 [same]; see also § 362, subd. (d) ["The juvenile court may direct any reasonable orders to the parents or guardians of the child who is the subject of any proceedings under this chapter as the court deems necessary and proper to carry out this section," including "a direction to participate in a counseling or education program."].)  The juvenile court, however, may not restrict the family court's ability to modify a custody and visitation order. (*Cole Y.*, at p. 1456.)

In *In re Cole Y.*, *supra*, 233 Cal.App.4th 1444 the juvenile court terminated its jurisdiction and issued a custody and visitation order that required the father to have monitored visitation with his child.  The juvenile court ordered the father to complete a drug program and to participate in a parenting program and individual counseling.  The juvenile court's order

9

also stated: "'And in order to modify the court's orders, . . . [the father] will have to complete . . . a full drug program with weekly testing, a parenting program and individual counseling.'" (*Id*. at p. 1451.) The court in *Cole Y.* reversed the custody and visitation order to the extent it conditioned the family court's ability to modify the order on the father proving he had completed the drug and parenting programs and counseling. The court stated: "Under section 302, subdivision (d), the decision to modify an exit order was, and is, within the province of the family court, and then only upon a finding of 'significant change of circumstances' and that the modification is in 'the best interests of the child.' The juvenile court, thus, did not have authority to condition the family court's modification of the exit order upon [the father's] completion of drug and parenting programs and counseling." (*Cole Y.*, at p. 1456.)

The order here suffers from the same defect as the order in *Cole Y.* The juvenile court entered its custody and visitation order using the Judicial Council form titled "Custody Order-Juvenile-Final Judgment" (form JV-200). (See § 362.4, subd. (e); *In re Anna T.*, *supra*, 55 Cal.App.5th at p. 878; Cal. Rules of Court, rule 5.700(b).) In the section titled "Other findings and orders," the juvenile court stated: "The court reiterates its detriment finding and orders no visitation for mother, Brianna . . . . *If mother would like to modify the juvenile custody order she would need to comply with her court ordered case plan.* The mother's case plan and . . . restraining [order] are attached." Like the order in *Cole Y.*, this portion of the juvenile court's order, reasonably interpreted, restricts the family court's ability to modify the custody and visitation order. Therefore, we modify the custody and visitation order to delete this provision. (See

10

Code Civ. Proc., § 43 [authorizing appellate modification of order].)

## DISPOSITION

The juvenile court's custody and visitation order is modified to delete the sentence from item 13 on page 3 that states: "If mother would like to modify the juvenile custody order she would need to comply with her court ordered case plan." As modified, the order is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

PULOS, J.*

---

*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.